a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TERRANCE MUNDY #90111, Plaintiff | CIVIL DOCKET NO. 1:21-CV-00162 SEC P |
| VERSUS | JUDGE JOSEPH |
| POLICE DEPT OF BUNKIE, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Terrance Mundy ("Mundy") against the Bunkie Police Department. Mundy is a pre-trial detainee at the Raymond Laborde Correctional Center. He claims that his bail, arrest, and detention are unlawful.

Because Mundy cannot state a claim against the Bunkie Police Department, his Complaint should be DENIED and DISMISSED.

I. Background

Mundy alleges that he was arrested "under the perjuristic acts of the Bunkie Police Dept." ECF No. 1 at 3. Mundy was arrested for unauthorized entry of an inhabited dwelling, aggravated burglary, and attempted second degree murder. *Id.* Mundy has been in custody since his arrest with bonds allegedly set at $10,000, $100,000, and $500,000 respectively, which he claims are excessive. *Id.*

Mundy alleges that a family member contacted the district attorney about the charges, and the family member was informed there is no "case file" for Mundy. *Id.*

## II. Law and Analysis

### A. Mundy's Complaint is subject to screening under 28 U.S.C. § 1915 and § 1915A.

Mundy is a prisoner who has been granted leave to proceed *in forma pauperis*. ECF No. 7. As a prisoner seeking redress from an officer or employee of a governmental entity, Mundy's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Mundy's Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Mundy fails to state a claim against the Bunkie Police Department.

Mundy is suing the Bunkie Police Department. The capacity of an individual to sue or be sued is determined by the law of the person's domicile or by the law of the state in which the district court is situated. Fed. R. Civ. P. 17(b). Under

Louisiana law, "[a] juridical person is an entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24.

A police department is generally not a political entity capable of being sued. *Martin v. Davis*, 2007 WL 763653 (E.D. La. 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued."); *Thibodeaux v. Lafayette City Police Department*, 2013 WL 6194898 (W.D. La. 2013) ("The Lafayette Police Department is not a juridical person capable of being sued."). In fact, this Court has specifically determined that the Bunkie Police Department is not a juridical entity amenable to suit. *See Doucet v. City of Bunkie*, 04-CV-1231, 2005 WL 2401893, at *1–2 (W.D. La. Sept. 28, 2005). Mundy has not alleged or shown otherwise.

Additionally, it is noted that Mundy has provided no evidence of the numerous charges against him being dropped. He claims that a relative was informed there are no charges against him. However, this allegation is unsupported and conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### III. Conclusion

Because the Bunkie Police Department is not amenable to suit, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915 and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, February 26, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE